**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ELMER NAUN CASTRO-HERNANDEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Case No. CIV-26-1073-R** |
| | ) | |
| **ROBERT CERNA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**ORDER**

Before the Court is the Report and Recommendation of United States Magistrate Judge Shon T. Erwin, entered on July 30, 2026 [Doc. No. 16]. Judge Erwin recommends dismissal of Petitioner's Petition for Writ of Habeas Corpus [Doc. No. 1] as moot because while this matter was pending, Petitioner became subject to an administratively final order of removal and thus the Court can no longer grant the relief requested in the Petition. Petitioner objected [Doc. No. 17], asserting he remained detained and thus the Court could still grant him effective relief. Alternatively, he requested leave to supplement the Petition to address the new basis for his detention, 8 U.S.C. § 1231.

It appears, however, that since the filing of Petitioner's Petition and Objection, he has been removed from the country and is no longer detained [Doc. No. 21].

> "In deciding whether a case is moot, the crucial question is whether granting a present determination of the issues offered will have some effect in the real world. When it becomes impossible for a court to grant effective relief, a live controversy ceases to exist, and the case becomes moot." *Ind v. Colo. Dep't of Corr.*, 801 F.3d 1209, 1213 (10th Cir. 2015) (quotation omitted). . . .
>
> When a habeas petitioner has been released from custody, the petition must be dismissed as moot unless one of the following exceptions to the mootness

> doctrine applies: "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action suit." *Riley v. Immigr. & Naturalization Serv.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quotation omitted).

*Reyes Gramajo v. Baltazar*, No. 26-cv-01459-NYW, 2026 WL 2032279, at *1 (D. Colo. July 14, 2026). The Tenth Circuit has found challenges to the legality of a noncitizen's detention become moot once an "administrative removal order has been executed and thus, [the petitioner] is no longer in the custody of the DHS to benefit from a bond determination or release." *Ferry v. Gonzales*, 457 F.3d 1117, 1132 (10th Cir. 2006).

Petitioner's Petition asserts Respondents violated his Fifth Amendment Due Process rights by subjecting him to unlawfully prolonged detention. As relief, he seeks his immediate release or an individualized bond or custody hearing.

"The court notes that, because [Petitioner's] removal provided him with the remedy that he seeks and cures his claimed injury (namely, to be released from detention), his claim is moot." *Gbenga v. Denv. Cont. Det.*, No. 17-cv-00813-KLM, 2017 WL 4150608, at *3 (D. Colo. Sep. 18, 2017) (citing *Hawkins v. Lawrence*, 66 F. App'x 161, 162 (10th Cir. 2003)). The Court finds the record does not indicate any of the exceptions to the mootness doctrine apply here. Petitioner's "inability to return to the United States is a continuing injury that stems from his removal order, not his detention." *Ferry*, 457 F.3d at 1132. And because he is no longer in the United States, "he has no reasonable expectation that he will once again be detained by ICE in the future." *Reyes Gramajo*, 2026 WL 2032279, at *2. "As a result, Petitioner's claims challenging the lawfulness of his detention are moot." *Id.*

Accordingly, Judge Erwin's Report is ADOPTED to the extent it recommends dismissal of the Petition as moot. Petitioner's Petition is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

IT IS SO ORDERED this 25th day of August, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE